UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA L. HONGSERMEIER, )
as an heir at law of RODNEY A. )
HONGSERMEIER, deceased, and )
as the Personal Representative of the )
Estate of RODNEY A. HONGSERMEIER, )
Deceased, )
 )
                      Plaintiff, )
 )
v. )   Case No. 16-cv-2321-JWL-TJJ
 )
USA TRUCK, INC., and )
FEDNOR DUCLONA, )
 )
                    Defendants. )

## **MEMORANDUM AND ORDER**

Plaintiff brings this wrongful death and survival action alleging negligence against Defendant Fednor Duclona ("Duclona"), and asserting claims for negligent hiring, training, supervision, and retention of Duclona against Defendant USA Truck, Inc. ("USA Truck"). Duclona was driving the semi-tractor trailer owned and operated by Defendant USA Truck involved in a January 17, 2015 truck-on-truck collision in Thomas County, Kansas, resulting in the death of Rodney Hongsermeier.

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 25). Plaintiff requests an order compelling Defendant Duclona to produce discovery responsive to Plaintiff's First Request for Production No. 11, which seeks "[t]he billing records and monthly statements for

any phone number or calling card used by [Duclona] on August 27, 2014 and December 1, 2014."[1] Defendant Duclona objects to the request, claiming the phone or calling card records sought are "irrelevant as the accident at issue occurred on January 17, 2015."[2] He further states in his response: "Without waiving said objections, none in my possession."[3] For the reasons set forth below, the motion is granted.

## I.     Relevance Objection

Defendant Duclona reasserts his relevance objection in response to Plaintiff's Motion to Compel, arguing that the request seeks cell phone records for August 27, 2014 and December 1, 2014, two dates completely unrelated to the January 17, 2015 accident at issue in this case. He also argues that his August 27, 2014 traffic citation was not a moving violation, but for "parking on the shoulder of an interstate without triangles or lights on," and his December 1, 2014 traffic citation was merely for driving on the shoulder of the roadway. Thus, Duclona argues his cell phone records on those dates will not provide evidence of negligence, noncompliance with rules and patterns of past unsafe driving, reveal any of his actual conversations, or provide any relevant information concerning his driving behavior or communications.

Plaintiff argues that Defendant Duclona's cell phone records on the two dates he received traffic citations will show whether he was talking or texting on his cell phone at the time he

---

[1] Def.'s Resp. to Pl.'s First Req. for Produc. of Docs., ECF No. 32-1.

[2] *Id.*

[3] *Id.*

received the citations. Plaintiff argues this discovery is relevant to a pattern of past unsafe driving by Defendant Duclona, and whether Defendant USA Truck knew or should have known about it. Plaintiff maintains such evidence is vital to evaluating whether Duclona was adequately trained and supervised, and whether his driving history put USA Truck on notice that he required further training, supervision, and/or dismissal.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[4]

Discovery requests must be relevant on their face.[5] When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[6] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the

---

[4] Fed. R. Civ. P. 26(b)(1).

[5] *Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-CV-1094-JTM-TJJ, 2016 WL 7336409, at *2 (D. Kan. Dec. 19, 2016).

[6] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

party seeking the discovery has the burden to show the request's relevancy.[7]   Relevancy determinations are generally made on a case-by-case basis.[8]

The Court finds the discovery sought by Plaintiff's Request No. 11 (billing records and monthly statements for any phone number or calling card used by Defendant Duclona on both August 27, 2014 and December 1, 2014) is facially relevant to Defendant Duclona's driving history. These records will show whether Defendant Duclona was using his cell phone on or about the time he received two earlier traffic citations. While the records sought are not for the actual date of the truck collision, both of the traffic citations issued to Defendant Duclona were within six months preceding the collision at issue. Those records are relevant to the negligence, negligent hiring, training, supervision, and retention claims asserted by Plaintiff.

Although one of the December 2014 traffic citations was for a non-moving violation, Plaintiff points out that Defendant Duclona received a second citation at the same time for "wrong turn inside weigh station." Defendant Duclona also argues that he was sleeping at the time he received the August 27, 2014 citation. But his cell phone records at or about the time of the citation may shed light on the circumstances surrounding the citation. Defendant Duclona's relevance objection to Plaintiff's Request No. 11 is therefore overruled.

## II.   Unreasonably Cumulative and Duplicative Objections

Defendant Duclona also argues in his response in opposition to Plaintiff's motion to

---

[7] *Id.*; *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 586 (D. Kan. 2008).

[8] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003,* No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

compel that Request No. 11 is unreasonably cumulative or duplicative, and not proportional to the needs of this case. Defendant Duclona further argues that he has already produced an abundance of other discovery that will provide Plaintiff with the information sought. Thus, according to Defendant Duclona, Plaintiff's request for cell phone records on two prior unrelated dates is unreasonably cumulative and/or duplicative of other discovery already produced.

In this case, the Court finds Defendant Duclona has not shown the cell phone records sought to be unreasonably cumulative or duplicative of other discovery already produced in the case. Defendant Duclona states that he has already produced log books; six months' worth of trip and operational documents, including GPS records and fuel records, relating to cargo movement and/or the tractor trailer; all computer run dispatch documents; all administrative driver's logs audits or summaries; his entire driver qualification file; personnel file; drug and alcohol testing file; accident file; all documents relating to any traffic citations, criminal charges, terminal or road equipment violations and driver compliance inspections, warnings, citations or violations of the Federal Motor Carrier Safety Regulations or any state regulations; all training and materials; and the driver's manual and various policies and procedures.

The Court finds it does not appear any of the aforementioned discovery already produced by Defendant Duclona would show whether he was talking or texting on his cell phone around the time the two prior traffic citations were issued. Plaintiff's Request No. 11 for cell phone records would therefore not be unreasonably cumulative or duplicative of other discovery already produced in the case.

Plaintiff argues that Defendant Duclona waived his objections that the discovery sought is

unreasonably cumulative or duplicative, and not proportional to the needs of this case by failing to assert them in his original discovery response to Request No. 11. The Court need not decide this issue because the Court has already ruled on the merits, that the cell phone billing records and statements sought in Request No. 11 do not appear to be unreasonably cumulative or duplicative under Rule 26(b)(2)(C)(i).[9] Plaintiff's Motion to Compel Defendant Duclona to produce discovery responsive to Plaintiff's Request No. 11 is therefore granted.

### III.  Expenses Under Fed. R. Civ. P. 37(a)(5)(A)

Finally, the Court considers whether an award of expenses incurred by Plaintiff is appropriate. Under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.
>
> But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Plaintiff has not requested an award of expenses incurred in making the motion. The Court further finds an award of expenses is not warranted here because, even although ultimately

---

[9] *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("On motion or on its own, the court *must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.") (emphasis added).

overruled, Defendant Duclona was substantially justified in making his relevance objection. Accordingly, under Rule 37(a)(5)(A), the Court must not order the payment of Plaintiff's reasonable expenses incurred in making the motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel (ECF No. 25) is GRANTED. **Within ten (10) days of the date of this Order**, Defendant Duclona shall produce documents responsive to Plaintiff's First Request for Production of Documents No. 11 or provide Plaintiff with signed cell phone authorizations allowing Plaintiff to obtain responsive documents from third-party cell phone service providers.

**IT IS FURTHER ORDERED THAT** each party shall bear its own expenses incurred in connection with filing or responding to the Motion to Compel.

IT IS SO ORDERED.

Dated January 26, 2017, at Kansas City, Kansas.

*Teresa J. James* (signature)
Teresa J. James
U. S. Magistrate Judge